UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:23-mj-200-KFW-2 |
| ) | |
| LONNEL DIGGS, ) | |
| ) | |
| Defendant ) | |

### ORDER ON MOTION TO REOPEN DETENTION HEARING

In July 2023, following a hearing, I ordered that Lonnel Diggs be detained pending trial. On September 19, 2023, Diggs filed a motion to reopen his "detention hearing due to a substantial change in circumstances." Motion (ECF No. 46). Specifically, Diggs identifies an individual who has "indicated that she is willing to house [him], provide him with employment, and offer a degree of custodial supervision." *Id.* The Government opposes reopening the detention hearing. *See* Opposition (ECF No. 47).

Under the Bail Reform Act, a detention hearing may be reopened if the court "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). To have a material bearing, the information "must relate in some *significant* or *essential* way to the decision whether to detain." *United States v. Worrell*, No. 1:21-cr-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021). In other words, regardless of whether the information is new, a defendant will not be entitled to a reopened detention

hearing if the information does not address the court's concerns regarding the defendant's appearance and the safety of the community. *See, e.g.*, *United States v. Van Bumpus*, No. 2:23-cr-00031-14, 2023 WL 5279651, at *2 (S.D. W. Va. Aug. 15, 2023) (holding that information about housing and a job for the defendant had no material bearing as "nothing in the motion assuage[d] the Court's concerns about the Defendant's criminal history, which includes three revocations of his supervised release").

In this case, I ordered that Diggs be detained pending trial based on his extensive criminal history, which includes violent crimes and parole and probation violations. Based on this history, I found there were no conditions of release that would reasonably assure Diggs's appearance in court and the safety of the community. The information raised in Diggs's motion about a possible new living and working arrangement does not assuage my concerns about his criminal history, and therefore does not warrant reopening his detention hearing.

Accordingly, Diggs's motion is **DENIED**.

### NOTICE

*In accordance with Federal Rule of Criminal Procedure 59(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated: October 6, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge